UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN WALKER,

                Plaintiff,

-against-

NEW YORK CITY; DEPARTMENT OF CORR OF NYC; UNNAMED PERSONS,

                Defendants.

1:23-CV-6383 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kevin Walker, who is currently incarcerated in the Cayuga Correctional Facility, filed this *pro se* action seeking damages and naming the City of New York, the New York City Department of Correction ("DOC"), and "unnamed persons" as defendants.[1] He seems to allege that the defendants have violated his constitutional rights. The Court therefore construes Plaintiff's complaint as asserting claims under 42 U.S.C.§ 1983 as well as under state law.

By order dated July 25, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Plaintiff filed his complaint while held in the Anna M. Kross Center on Rikers Island.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that, between May 19, 2023, and June 2023, while he was held as a pretrial detainee in the Anna M. Koss Center ("AMKC") on Rikers Island:

> After Andre Antrobus helped Jermaine Coops . . . [in] his case in July 2023 also help[ed] Alexis Rivera . . . and they talk abo[u]t him [in the Vernon C. Bain Center] helping people go home. The [DOC] has taken his evidence [b]locked and open[ed] his mail and others and sent inmates to assault every month for a false charge of . . . [Antrobus is not] suppose[d] to be charge[d] under [New York State Office of Mental Health verification] . . . . Mr. Antrobus first and only statements nothing happened how the[y] violate all his rights and anybody who helps him assaulting me, [damaging] my mail and tak[ing] my evidence. Let[']s start ever[] since I been in this facility I[']ve heard stories from the old timers back in the days this law librarian can get you home and help you with your legal. So he helped me and I [associated] with him witnessing. They hold his mail, take his evidence[,] threaten him with imminent serious injuries. Also pay for contract hits to the i[n]mate population plus retaliation and old timers[] said its been happening to him as far before 1999 cause I signed an affidavit and grievance now they doing the same to me. I heard the [Correction Officers] policy that he can't have evidence in his possession and can't send mail several even the Warden condone these acts and ommissi[o]n[s] then on cell on cell phone of employee we saw his website of freedom back. Meliona Cruz to help racial equality in an unjust corrupt system plus etc. and videos shows police and downtown in from of [the District Attorney's] Office the D.O.A. and . . . threaten him with physical injury and put false charges on him confirming what everyone saying an other documents now cause. I sigh they sent people to assault me injuring my back and head. Blocking mail like [Correction Officer] Colon said . . . I was [retaliated against] for helping and every week[] I [have] been giving assault. In the [b]athrooms by every employees of [the DOC retaliated against] my mail was opened [and] blocked and all evidence taken. . . . I was gang assaulted and him my head on the bathroom [faucet]. The[y] . . . sent them and den[y]ing me medical in retaliation for helping Mr. Antrobus.

(ECF 1, at 4-5.)

Plaintiff describes his injuries as: "blocking mail, opening mail, . . . unreasonable seizure of favorable exonerating evidence for [l]iberty and freedom. (Blocking my defen[s]e)[,] . . lower back injuries, . . . head injuries, [and] . . . gang assault blunt trauma." (*Id.* at 5.) He seeks what appears to be a total of $2,000,000 in damages. (*Id.*) Plaintiff also seems to seek the appointment of *pro bono* counsel. (*Id.* at 7.)

3

## DISCUSSION

### A.   Claims on behalf of Andre Antrobus

The Court must dismiss Plaintiff's claims that he asserts on behalf of what appears to be another DOC prisoner, Andre Antrobus. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff has not alleged any facts suggesting that he is an attorney. The Court therefore dismisses without prejudice Plaintiff's claims that he brings on behalf of Antrobus.

### B.   Claims against the DOC and the City of New York

Plaintiff brings claims against the DOC; as an agency of the City of New York, however, the DOC is not a separate entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also fails to state a claim under Section 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not

enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

It is unclear from Plaintiff's complaint whether a policy, custom, or practice of the City of New York, including an alleged DOC policy disallowing the possession of evidence by DOC prisoners, caused a violation of his federal constitutional rights. Thus, Plaintiff fails to state a claim under Section 1983 against the City of New York. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a claim under Section 1983 against the City of New York.

**C.     Claims against individuals**

The Court understands that by naming "unnamed persons" as defendants, Plaintiff is attempting to assert claims under Section 1983 against individual members of the AMKC staff. To state a claim under Section 1983 against such individuals, a plaintiff must allege facts showing that those individuals were directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It

5

is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names no identified individuals as defendants, but alleges facts about how individual members of the AMKC staff, including, perhaps, Correction Officer Colon and others, were directly and personally involved in violations of his federal constitutional rights. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he names individual members of the AMKC staff as defendants and alleges facts showing those defendants' direct and personal involvement in the alleged violations of his constitutional rights.[3]

**D.    Claims involving Plaintiff's mail and evidence**

The Court liberally construes Plaintiff's allegations as asserting that members of the AMKC staff interfered with his mail, including his legal mail, and seized his "evidence"; such allegations assert both an access-to-courts claim and a general mail-tampering claim under Section 1983. These types of claims are grounded in a prisoner's First Amendment rights to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977), *abrogated on other grounds*, *Lewis v.*

---

[3] Instructions as to how to name unidentified "John Doe" or "Jane Doe" defendants can be found in the "Leave to Amend" section of this order.

*Casey*, 518 U.S. 343 (1996); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

1. **Access to the courts**

Prisoners have a "constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 430 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds,* 430 U.S. at 828 (internal quotation marks omitted)). Assistance from prison authorities, however, is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Casey,* 518 U.S. at 351 (internal quotation marks and citation omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that: "the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks and citation omitted, alteration in original); *see Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must show actual injury with regard to his legal claim – "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Casey*, 518 U.S. at 348 (internal quotation marks and citation omitted). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access

7

claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)). Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff may be implying that his criminal defense or his efforts to appeal his conviction, or both, have been hindered as a result of alleged interference by members of the AMKC staff. Plaintiff does not, however, allege any facts suggesting that he is pursuing a "'nonfrivolous,' 'arguable' underlying claim," which has been hampered as a result of delays, opening, damaging, or "blocking" his mail, or seizing his "evidence." *Harbury*, 536 U.S. at 415. Furthermore, to the extent that Plaintiff is represented by counsel in his criminal proceedings or in any postconviction matter, he does not allege facts showing why his counsel was unable to assert his legal claims on his behalf. *See Bourdon*, 386 F.3d at 98. Because Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he does not explain why his attorney could not press his argument for exoneration in his criminal case or postconviction proceedings, he fails to state an access-to-the-courts claim under the First Amendment.

The Court grants Plaintiff leave to file an amended complaint naming as defendants the individual members of the AMKC staff whom he alleges violated his rights, and alleging additional facts to state a claim against those individuals under Section 1983 with respect to the

denial of his right to access to the courts under the First Amendment. For such a claim, Plaintiff must allege facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he is not represented by counsel.

### 2. Mail tampering

To state a claim based on general mail tampering under the First Amendment, a prisoner must allege that the incidents of mail tampering: "(1) . . . suggest[] an ongoing practice of censorship unjustified by a substantial government interest, or (2) . . . [have] unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id*. at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that members of the AMKC staff interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. He asserts that AMKC personnel opened, damaged, and "blocked" his mail, but his allegations do not suggest that those actions demonstrated unjustified government censorship or tampering. Without more detail, Plaintiff's allegations do not suggest that members of the AMKC staff subjected him to regular and unjustifiable interference with his mail.

The Court grants Plaintiff leave to file an amended complaint naming as defendants the individual members of the AMKC staff whom he alleges violated his rights, and alleging additional facts sufficient to state a claim under Section 1983 of mail tampering against those defendants. In support of such a claim, he must allege facts indicating that the named individual defendants subjected him to regular and unjustifiable interference with his mail. Plaintiff must specifically say how many times his mail was opened, damaged, or "blocked" by AMKC

9

personnel, the manner in which it was opened, damaged, or "blocked" (as to incoming and outgoing mail), and provide all the dates when this happened.

### E.     Claims of retaliation

In his complaint, Plaintiff suggests that members of the AMKC staff violated his rights in retaliation for providing assistance to Antrobus. Plaintiff's assertions could be read as an attempt to assert a First Amendment retaliation claim. To state such a claim, a prisoner must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [prisoner], and (3) that there was a causal connection between the protected [conduct] and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (internal quotation marks and citation omitted, second alteration in original). An adverse action is any "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis*, 320 F.3d at 353 (internal quotation marks and citation omitted). "In order to satisfy the causation requirement, allegations must be sufficient to support the inference that the speech [or conduct] played a substantial part in the adverse action." *Id.* at 354 (internal quotation marks and citation omitted). For example, "[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord,* 558 F.3d 119, 129 (2d Cir. 2009); *see also Mateo v. Fischer,* 682 F. Supp. 2d 423, 435 (S.D.N.Y. 2010) (endorsing incorporation of circumstantial evidence of causation "where the adverse action occurs soon after the protected activity," and holding that, where a false misbehavior report was filed one day after a prisoner filed a grievance, the causation requirement was met) (citation omitted).

Nevertheless, "because virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act," the United States Court of Appeals

for the Second Circuit has instructed that federal district courts must "approach prisoner retaliation claims with skepticism and particular care." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("Retaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." (internal quotation marks and citation omitted)). Accordingly, First Amendment retaliation claims must be "supported by specific and detailed factual allegations," and may not be stated "in wholly conclusory terms." *Dolan*, 794 F.3d at 295 (internal quotation marks and citation omitted).

      Here, Plaintiff does not provide sufficient facts to suggest a viable claim for retaliation. It is unclear from Plaintiff's complaint that, in providing his alleged assistance to Antrobus with unspecified activity (ECF 1, at 4), Plaintiff engaged in any protected activity under the First Amendment. More importantly, Plaintiff does not allege facts sufficient to suggest a causal connection between his assisting conduct and the alleged adverse actions taken against him. *See Espinal,* 558 F.3d at 129. He also does not allege which members of the AMKC staff allegedly retaliated against him. Plaintiff thus fails to state a claim under Section 1983 of First Amendment retaliation.

      The Court grants Plaintiff leave to allege facts in an amended complaint sufficient to state a claim of retaliation under Section 1983. Specifically, he must allege facts showing that he engaged in protected conduct under the First Amendment and that there was a causal connection between his protected activity and any adverse action. In his amended complaint, Plaintiff should also provide facts explaining the manner of the alleged assistance that he provided to Antrobus, including the dates of that conduct, how his assisting Antrobus led to the alleged violations of his rights, and, most importantly, who retaliated against him.

F.  **Claims of conspiracy**

The Court understands Plaintiff's complaint as asserting claims of conspiracy under Section 1983 arising from members of the AMKC staff's alleged conspiracy with other AMKC prisoners to assault Plaintiff. The complaint, however, does not allege facts sufficient to state a claim of conspiracy under that statute. To state such a claim, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Vague and unsupported assertions of a conspiracy will not suffice to state a claim on which relief can be granted. *See, e.g., Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Plaintiff's allegations about a conspiracy are conclusory, vague, and lack detail. Plaintiff alleges, without factual support, that DOC employees in the AMKC conspired with other prisoners in that facility to assault Plaintiff. Such allegations, without more factual support, fail to state a claim of conspiracy under Section 1983. The Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state such a claim; he must name as defendants those individuals who allegedly conspired against him (AMKC officials and prisoners) and allege specific facts showing how those defendants conspired with each other to violate his federal constitutional rights.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

12

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing Plaintiff's claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2023, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

13

has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended

Complaint," and label the document with docket number 1:23-CV-6383 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will issue an order dismissing Plaintiff's claims that he asserts on Antrobus's behalf without prejudice, dismissing Plaintiff's claims under federal law that he asserts on his own behalf for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and declining to consider, under its supplemental jurisdiction, Plaintiff's claims that he asserts on his own behalf under state law, *see* 28 U.S.C. § 1367(c)(3).[6]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge

---

[6] The Court will not consider any request for *pro bono* counsel until Plaintiff files an amended complaint in compliance with this order.