UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN V. WALKER,

                                  Plaintiff,

                  -against-

DEPARTMENT OF CORRECTION, et al.,

                                  Defendants.

1:23 Civ. 6383 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

        Plaintiff Kevin Walker, who is currently incarcerated in the Cayuga Correctional Facility,

brings this action *pro se* seeking injunctive relief and damages.  He names as defendants: (1) the

City of New York; (2) the New York City Department of Correction ("DOC"); (3) unidentified

"unnamed persons"; (4) Correction Officer King (assigned to the DOC's Anna M. Kross Center

("AMKC") on Rikers Island); (5) Correction Officer Colon (assigned to either the AMKC or the

DOC's Vernon C. Bain Center ("VCBC"), in the Bronx, New York); (6) unidentified Correction

Officer "John Doe" (assigned to the VCBC's "Dorm 1BB," and described as "in the bubble

(White Guy)"); (7) unidentified Correction Officer "Jane Doe" (assigned to the VCBC's Dorm

1BB, and described as "working on the floor in" that unit); (8) unidentified Correction Officer

"John Doe" (assigned to the VCBC's "1BB bubble" on July 2, 2023, during the 7 a.m.-to-3 p.m.

tour of duty); (9) unidentified inmate "John Doe" (described as having punched Plaintiff in the

face three times in the VCBC's "Dorm 3BB" mess hall on June 22 or 23, 2023); (10) multiple

unidentified "John Doe" inmates (described as having punched Plaintiff in his ribs and chest in

VCBC's Dorm 1BB, on July 2, 2023, during the 7 a.m.-to-3 p.m. tour of duty); (11) three

unidentified "John Doe" Correction Officers (described as having taken Plaintiff from the

AMKC to the VCBC's intake building); (12) Correction Officer Jackson (assigned to either the

AMKC or the VCBC); (13) Correction Officer Firshein (assigned to either the AMKC or the VCBC); and (14) multiple unidentified Correction Officers (apparently described as working in the VCBC during a morning tour of duty, on or about July 2, 2023, when Plaintiff was transferred from the VCBC to what appears to be a Rikers Island facility).

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, as well as claims under state law.  By order dated July 25, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

The Court: (1) dismisses Plaintiff's claims against the DOC; (2) directs the Clerk of Court to add Correction Officer James as a defendant; (3) requests that the City of New York, and Correction Officers King, Colon, James, Jackson and Firshein waive service of summonses; (4) directs that the abovementioned identified defendants comply with Local Civil Rule 33.2; and (5) directs the Corporation Counsel of the City of New York to provide Plaintiff and the Court with the identities, service addresses and, if appropriate, badge numbers of the unidentified "John Doe" and "Jane Doe" defendants

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).  But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits -- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id.* (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible -- not merely possible -- that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A.    Claims against the DOC

Plaintiff brings claims against the DOC; as an agency of the City of New York, however, the DOC is not a separate entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions

and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").  The Court notes that the City of New York is another named defendant in this action.  The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Correction Officer James**

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").  Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events.  *George v. Westchester Cnty. Dep't of Corr.*, No. 20 Civ. 1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19 Civ. 5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff does not name Correction Officer James as a defendant.  He does allege, however, that Correction Officer James was assigned to the AMKC while he was held there, and that he informed her that another inmate that had been transferred from the VCBC to the AMKC had threatened him with a knife, but that she did nothing.  (ECF 6, at 12.)  In light of Plaintiff's *pro se* status and these allegations, the Court understands Plaintiff's amended complaint as asserting claims against Correction Officer James.  Accordingly, the Court directs the Clerk of Court to add Correction Officer James as a defendant in this action, under Rule 21 of the Federal

Rules of Civil Procedure.  This amendment is without prejudice to any defenses that Correction

Officer James may wish to assert.

**C.      The City of New York, and Correction Officers King, Colon, James, Jackson and Firshein**

The Court directs the Clerk of Court to notify the DOC and the New York City Law

Department of this order.  The Court requests that the City of New York and Correction Officers

King, Colon, James, Jackson and Firshein waive service of summonses.

**D.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to

respond to specific, court-ordered discovery requests, applies to this action.  Those discovery

requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil

Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of the

date of this order, the City of New York and Correction Officers King, Colon, James, Jackson,

and Firshein must serve responses to those standard discovery requests.  In their responses, those

defendants must quote each request verbatim.[2]

**E.      Unidentified "John Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying an unidentified defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint,

Plaintiff supplies sufficient information to permit the DOC to identify the unidentified "John

Doe" and "Jane Doe" defendants.  Those defendants include: (1) those Correction Officers

assigned to the VCBC's Dorm 1BB bubble, on or about July 2, 2023, when Plaintiff ran from the

---

[2] If Plaintiff would like copies of those discovery requests before receiving those responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

VCBC's Dorm 1BB to the VCBC's Dorm 1AB; (2) a Correction Officer assigned to the VCBC's Dorm 1BB, on or about July 2, 2023, who observed Plaintiff being attacked by multiple inmates at the same time and who gave an object to an inmate; (3) those Correction Officers who transferred Plaintiff from the AMKC to the VCBC; (4) those Correction Officers who were working during the "morning" tour of duty, on or about July 2, 2023, in the VCBC, and transferred Plaintiff from the VCBC to the AMKC: (5) a prisoner who, on or about June 22 or 23, 2023, punched Plaintiff in the face in the VCBC's Dorm 3BB mess hall; and (6) prisoners who, on or about July 2, 2023, punched Plaintiff in his ribs or chest, or threatened to do so, in the VCBC's Dorm 1BB.  It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, must ascertain the identities, service addresses and, if appropriate, badge numbers of each of the unidentified "John Doe" and "Jane Doe" defendants whom Plaintiff seeks to sue in this action.[3]  The Corporation Counsel must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified defendants and providing their service addresses and, if appropriate, badge numbers. The second amended complaint will replace, not supplement, the original and amended complaints.  A second amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order: (1) requesting that the newly identified

---

[3] If an unidentified "John Doe" defendant is a current or former DOC employee or official, the Corporation Counsel of the City of New York should note in its response to this order that an electronic request for a waiver of service can be made with respect to that defendant under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If an unidentified "John Doe" defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel must provide an address where that individual may be served.

current or former DOC-employee defendants waive service of summonses; (2) directing service, via the United States Marshals Service, on the other newly identified defendants; and (3) directing all of the newly identified current or former DOC-employee defendants to comply with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to add Correction Officer James as a defendant in this action.  *See* Fed. R. Civ. P. 21.

The Court dismisses Plaintiff's claims against the New York City Department of Correction.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court further directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that the City of New York and Correction Officers King (assigned to the AMKC), Colon (assigned to the VCBC or the AMKC), James (assigned to the AMKC), Jackson (assigned to either the AMKC or the VCBC) and Firshein (assigned to the AMKC or the VCBC) waive service of summonses. The Court directs that those defendants comply with Local Civil Rule 33.2 within 120 days of the date of this order.

The Court additionally directs the Clerk of Court to mail a copy of this order and a copy of the amended complaint (ECF 6) to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.  A second amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.


Dated:  January 22, 2024
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE