```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEVIN WALKER,                                               :
                                Plaintiff,                  :
                                                            :           23 Civ. 6383 (LGS)
                -against-                                   :
                                                            :                 ORDER
DEPARTMENT OF CORRECTION, et al.,                           :
                                Defendants.                 :
------------------------------------------------------------:
                                                            X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff has filed an application for the appointment of pro bono counsel. For the following reasons, the application is denied without prejudice.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *accord Sandoval v. Abbott House*, No. 24 Civ. 502, 2024 WL 871216, at *1 (S.D.N.Y. Feb. 29, 2024). Courts instead have broad discretion when deciding whether to grant an indigent litigant's request for pro bono representation. Even if a court believes that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989); *accord Azkour v. Little Rest Twelve, Inc.*, 645 F. App'x 98, 102 (2d Cir. 2016) (summary order). Courts do not have funds to pay counsel in civil matters. Applications for pro bono counsel must be granted sparingly and with consideration of the public benefit in order to preserve the "precious

commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989); *accord Sandoval*, 2024 WL 871216, at *1.

The Second Circuit has set forth factors a court should consider in deciding whether to grant an indigent litigant's *pro bono* counsel request. *See Hodge*, 802 F.2d at 61-62; *see also Dolan v. Connolly,* 794 F.3d 290, 296 (2d Cir. 2015). A litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The litigant must also demonstrate that the claim "seems likely to be of substance," a "requirement that must be taken seriously." *Hodge*, 802 F.2d at 60-61; *accord Sandoval*, 2024 WL 871216, at *1. Stated differently, the court must ask whether the party's claim has "substantial merit." *Dolan*, 794 F.3d at 296. If these threshold requirements are met, then a court must consider additional factors including:

> [1] whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; [2] whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross-examination; [3] the party's overall ability to present its case; and [4] whether the legal issues presented are complex.

*Id.*[1]  In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the case has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997); *accord Sandoval*, 2024 WL 871216, at *1. Rather, each application "must be decided on its own facts." *Hodge*, 802 F.2d at 61; *accord Sandoval*, 2024 WL 871216, at *1.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

## DISCUSSION

Plaintiff filed his request to proceed *in forma pauperis* on July 21, 2023, which was granted on July 25, 2023. When Plaintiff filed his application for the appointment of pro bono counsel, Plaintiff affirmed that he remained incarcerated. Though Plaintiff did not state whether he remains indigent, it may be presumed, owing to his continued incarcerations, that Plaintiff's financial status has not changed. Plaintiff therefore qualifies as indigent.

The Complaint does not point to a specific statute under which Plaintiff seeks relief. Even so, the Complaint alleges facts that suggest Plaintiff may be entitled to relief under 42 U.S.C. § 1983. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (noting that failure in a complaint to cite a statute "in no way affects the merits of the claim" because "factual allegations alone are what matters"). In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must demonstrate that a person acting under the color of law causes a deprivation of Plaintiff's rights secured by the Constitution. *See* 42 U.S.C. § 1983. The Complaint alleges that while Plaintiff was in Defendants' custody, Defendants assaulted Plaintiff and caused bodily injury. The Complaint also alleges that Defendants have confiscated Plaintiff's mail and other exonerating evidence. Because Plaintiff is suing employees of the Department of Corrections in their official capacity, the relevant inquiry in determining whether Plaintiff's claim has "substantial merit" is whether the Complaint has pleaded sufficient facts to claim a deprivation of constitutional rights.

An incarcerated person is protected from the use of excessive force by the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34, 36 (2010). Where incarcerated persons allege excessive use of force by prison guards, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

harm." *Id.* at 37.  That inquiry notwithstanding, the Supreme Court has recognized that "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.*  The Complaint does not allege facts regarding the circumstances of prison guards' use of force sufficient for the Court to yet determine whether Plaintiff's claim is of substance.

"A prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Bacon v. Phelps*, 961 F.3d 533, 543 (2d Cir. 2020).  This right is violated if a prison "regularly and unjustifiably" interferes with a prisoner's legal mail. *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012); *accord McFadden v. Noeth*, 827 F. App'x 20, 30 (2d Cir. 2020) (summary order).  "Examples of unjustifiable interference include prison officials engaging in an ongoing practice of censorship or delaying the delivery of mail to a prisoner in a way that causes him to miss court deadlines or in any way prejudices his legal actions." *Noeth*, 827 F. App'x at 30.  The Complaint alleges interference with Plaintiff's receipt of mail, but does not allege facts sufficient for this Court to yet determine whether this rises to a level of "unjustifiable interference."  As such, this Court does not have sufficient facts to determine whether this claim is of substance.

The Complaint thus does not allege facts sufficient for this Court to determine whether theses claims are likely to be of substance.  Accordingly, the request for appointment of counsel is inappropriate at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the appointment of pro bono counsel is denied without prejudice to renewal at a later date after any dispositive motions and before any trial.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff and close the motion at Dkt. 12.

Dated: March 8, 2024
       New York, New York

                                                **LORNA G. SCHOFIELD**
                                                **UNITED STATES DISTRICT JUDGE**