UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/6/2026__

KEVIN V. WALKER,

                                 Plaintiff,

                -against-

DEPARTMENT OF CORRECTION, et al.,

                                 Defendants.

23-CV-6383 (LGS) (KHP)

**REPORT AND RECOMMENDATION**

**TO: THE HONORABLE LORNA G. SCHOFIELD, United States District Judge**
**FROM: KATHARINE H. PARKER, United States Magistrate Judge.**

I respectfully recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure of Plaintiff, Kevin Walker, who is proceeding pro se, to prosecute the case and for Plaintiff's failure to follow Court orders.

## BACKGROUND

Plaintiff commenced this action on July 21, 2023.  (ECF No. 1)  On December 19, 2023 Plaintiff filed an amended complaint (ECF No. 6) and on January 17, 2024, he filed a second amended complaint. (ECF No. 41) The undersigned was referred for general pretrial management on December 16, 2024 and scheduled an initial case management conference on the same day to take place on February 4, 2025.  (ECF Nos. 39-40)  On May 6, 7, and 9, 2025, Defendants King, Martinez, and Petrus respectively returned executed waivers of service, therefore their answers were due on July 7 and 8.  (ECF Nos. 55-57)

After failures to provide a status update on August 1, 2025 and again on August 29, 2025, Defendants moved for an extension of time to file a joint status report and answer on September 3, 2025.  Defense counsel represented to the Court that they had been unable to confer with Plaintiff, that he had not responded to their first set of document requests and interrogatories, and that he had not served Defendants with document requests or a settlement demand.  (ECF No. 63)  Counsel further represented that they were unable to

contact Plaintiff via telephone, but eventually he was able to confer with Defense counsel on August 20, 2025. (*Id.*)  Plaintiff filed a pro se memorandum informing the Court of a change of his address on September 15, 2025 (ECF No. 66), however, since then, Plaintiff has not been reachable.  He failed to appear for a status conference on November 3, 2025 and letters sent to Plaintiff were returned on October 23, 2025, and November 17, 2025.

In light of Plaintiff's failure to appear at the November 3, 2025 conference, the Court cancelled the case management conference and ordered Plaintiff to update the Court with an address at which he can receive mail.  (ECF No. 68)  Plaintiff did not do so.  Overall, the Court has not heard from Plaintiff since September 15, 2025.

## LEGAL STANDARD

Rule 41(b) provides that a court may dismiss an action "[f]or a failure of the plaintiff to prosecute or to comply with . . . any order of the court."  Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte*.  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

In determining whether to dismiss a case under Rule 41(b), courts consider the following factors: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) the efficacy of lesser sanctions.  *Id.*  No single factor is dispositive.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

## ANALYSIS

Dismissal under Rule 41(b) is appropriate here.  Since September 15, 2025, when Plaintiff last filed a notice of change of address with the Court, he has failed to comply with

court orders and has had no contact with the Court.  Plaintiff missed a status conference on November 3, 2025 and since October 2025, mail sent to Plaintiff has been consistently returned.  On November 3, 2025, Plaintiff was explicitly warned that a failure to respond to that order by updating his address may result in a recommendation for dismissal for failure to prosecute.  This case has not meaningfully progressed since the answer to the second amended complaint was filed in September 2025 because of a lack of communication.  It is unduly burdensome on this Court to continue this case where Plaintiff is not participating and refusing to comply with orders.  Given Plaintiffs' failure to comply with the Court's orders and the fact that the Court has not heard from Plaintiff at all since the beginning of September 2025, the sanction of dismissal is appropriate.  *See Alaimo v. Auto. Consulting*, 2010 WL 2884711 (S.D.N.Y. July 20, 2010) (dismissing based on plaintiff's continued failure to prosecute).

### CONCLUSION

For the above reasons, I respectfully recommend that the instant action be dismissed for failure to prosecute pursuant to Rule 41(b).

Dated: January 6, 2026
  New York, New York      Respectfully Submitted,

                 Katharine H Parker
               _____
               KATHARINE H. PARKER
               United States Magistrate Judge

**NOTICE**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).

The parties shall have fourteen days from the date of service of any objections to serve and file any response. Any objections and any responses to such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).

**The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.**