UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/6/2026___

| KEVIN V. WALKER, | |
| --- | --- |
| | Plaintiff, |
| -against- | |
| DEPARTMENT OF CORRECTION, et al., | |
| | Defendants. |

23-CV-6383 (LGS) (KHP)

**REPORT AND RECOMMENDATION**

TO: THE HONORABLE LORNA G. SCHOFIELD, United States District Judge
FROM: KATHARINE H. PARKER, United States Magistrate Judge.

I respectfully recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure of Plaintiff, Kevin Walker, who is proceeding pro se, to prosecute the case and follow Court orders.

## BACKGROUND

The Court presumes familiarity with the underlying facts and recounts only those necessary to contextualize this Recommendation. On January 6, 2026, the undersigned issued a Report and Recommendation advising dismissal of this action for failure to prosecute. That recommendation was based on Plaintiff's repeated noncompliance with Court orders requiring him to update his mailing address, his failure to appear at a status conference on November 3, 2025, and the resulting lack of any meaningful progress in the case due to his sustained failure to communicate with the Court.

On February 26, 2026, Judge Schofield directed Defendants' counsel to serve the Report and Recommendation on Plaintiff at an address he had not formally provided to the Court. Thereafter, on March 17, 2026, Plaintiff submitted a letter that neither explained his prior lack of communication nor addressed his failure to appear at the November conference or comply

with Court orders.  Instead, Plaintiff requested additional time to "obtain and provide all of the materials that the Defendants are requesting."

In light of Plaintiff's momentary reappearance on the docket, the Court declined to adopt the prior Report and Recommendation, concluding that it was no longer applicable under the circumstances.  The Court nevertheless ordered Plaintiff to file an updated notice of change of address by April 1, 2026.  Plaintiff has failed to comply with that directive.

**LEGAL STANDARD**

Rule 41(b) provides that a court may dismiss an action "[f]or a failure of the plaintiff to prosecute or to comply with . . . any order of the court."  Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte*.  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

In determining whether to dismiss a case under Rule 41(b), courts consider the following factors: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) the efficacy of lesser sanctions.  *Id.*  No single factor is dispositive.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  Nor is "[a] district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15 Civ. 6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent.").

Dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." V*alentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).  "[A]ll litigants, including pro ses [sic], have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988).  It is Plaintiff's responsibility to "keep[ ] the Court apprised of any changes to [his] notice address ..., so that orders, notices and other court documents can reach [him]." *Rubin v. Abbott Labs*., 319 F.R.D. 118, 121 (S.D.N.Y. 2016); *see also Love v. Amerigroup Corp*., No. 09 Civ. 4233 (ILG) (RER), 2010 WL 2695636, at *4 (E.D.N.Y. June 2, 2010) ("When a party changes his address, it is his obligation to notify the court of the new address." (collecting cases)).

**ANALYSIS**

Dismissal under Rule 41(b) is appropriate here for substantially the same reasons as provided in the Report and Recommendation previously issued.  While I have considered various alternatives, specifically whether lesser sanctions would be appropriate, none are. Plaintiff's repeated failure to comply with the Court's orders in the preceding several months clearly warrants dismissal for failure to prosecute, especially in light of this Court's reminder that Plaintiff risked dismissal of his case if he failed to comply with the orders. *See, e.g., Wingate v. Ctr.*, No. 12 Civ. 2134 (JGK), 2014 WL 3346319, at *1 (S.D.N.Y. July 1, 2014); *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013); *Varney v. Batman*, No. 08 Civ. 9702 (SHS), 2012 WL 1080137, at *1 (S.D.N.Y. Mar. 30, 2012)  Nevertheless, I respectfully recommend that this case be dismissed without prejudice  as it is a reasonable, lesser sanction than dismissal with

prejudice.  *See Amoroso v. County of Suffolk*, No. 08 Civ. 826 (JFB), 2010 WL 2985864, at *3

(E.D.N.Y. July 21, 2010) ("[U]nder the circumstances described above, the lesser sanction of

dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the

appropriate balance between the right to due process and the need to clear the docket and

avoid prejudice to defendant by retaining open lawsuits with no activity.").  Plaintiff's most

recent failure to comply with the Court's order provides a more up to date basis for dismissal to

be warranted.

**CONCLUSION**

For the above reasons, I respectfully recommend that the instant action be dismissed

pursuant to Rule 41(b), without prejudice, for failure to prosecute and comply with numerous

orders of the Court.

Dated: April 6, 2026
     New York, New York          Respectfully Submitted,

                       *Katharine H Parker*
                       _____
                       KATHARINE H. PARKER
                       United States Magistrate Judge

**NOTICE**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).

The parties shall have fourteen days from the date of service of any objections to serve and file any response.  Any objections and any responses to such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).

        The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Plaintiff at 316 Atlantic Ave, Brooklyn, NY 11201.