UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                              :

KEVIN WALKER,                  :
                   Plaintiff,  :

                              :         23 Civ. 6383 (LGS)

         -against-        :

                              :         **ORDER**

DEPARTMENT OF CORRECTION et al.,  :
                              :

                 Defendants. :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, pro se Plaintiff Kevin Walker filed this action on July 21, 2023.

      WHEREAS, on September 15, 2025, Plaintiff filed a notice of change of address.
Subsequent mail sent to Plaintiff at the new address (the "Invalid Address") was returned as
undeliverable.  After filing the notice of change of address, Plaintiff failed to appear for a status
conference, failed to comply with court orders and ceased communicating with the Court.

      WHEREAS, on January 6, 2026, Magistrate Judge Katharine Parker issued a Report and
Recommendation (the "First R&R") recommending dismissal of the action pursuant to Federal
Rule of Civil Procedure 41(b) for failure to prosecute.  Judge Parker's recommendation was
based on Plaintiff's failure to comply with court orders or communicate with the Court after
September 15, 2025.

      WHEREAS, an Order dated February 26, 2026, directed Defendants to serve the First
R&R on Plaintiff at a different address, which Defendants represented was Plaintiff's correct
address (the "Valid Address").  Defendants did so on March 2, 2026.

      WHEREAS, on March 17, 2026, Plaintiff filed a letter requesting additional time to
object to the First R&R.  The letter did not address Plaintiff's prior failure to participate in the
action.  The letter included a return address at the Valid Address.

WHEREAS, because Plaintiff had reestablished contact with the Court, an Order dated March 19, 2026, rejected the recommendation of dismissal in the First R&R (rendering moot Plaintiff's request for additional time to object) and directed Plaintiff to file an updated change of address form by April 1, 2026.  Plaintiff did not file an updated change of address form at that time.

WHEREAS, after Plaintiff failed to comply with the March 19, 2026, Order, Judge Parker issued a second Report and Recommendation (the "Second R&R") on April 6, 2026, recommending dismissal of the action without prejudice for failure to prosecute.  The Second R&R recommends dismissal "for substantially the same reasons as provided in the [First R&R]."

WHEREAS, the Second R&R and change of address form were initially mailed to the Invalid Address.  Accordingly, an Order dated April 17, 2026, directed that the Second R&R and change of address form be mailed to Plaintiff at the Valid Address.

WHEREAS, the Second R&R and change of address form were mailed to the Valid Address on April 21, 2026.  The Second R&R states that pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), "[t]he parties shall have fourteen days from the service of this Report and Recommendation to file written objections," and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal."  The Second R&R also states that pursuant to Federal Rule of Civil Procedure 6(d), the objection deadline is extended by three days when service is made by mail.  Accordingly, any objections to the Second R&R were due by May 8, 2026.

WHEREAS, on May 1, 2026, Plaintiff filed an updated change of address form listing the Valid Address as his address.  Plaintiff did not file any objections to the Second R&R. Defendants likewise did not file any objections.

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "If a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). "[W]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted).

WHEREAS, no objections to the Second R&R were filed.

WHEREAS, there is no clear error on the face of the record as to the Second R&R. It is hereby

**ORDERED and ADJUDGED** that the Second R&R is **ADOPTED in full** for the reasons stated in the Second R&R. This action is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to pro se Plaintiff at 316 Atlantic Avenue, Brooklyn, New York 11201.

Dated: May 21, 2026
 New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3